CLEVELAND (CITY), PLAINTIFF-APPELLEE, *v.* BUSH,
DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26283.   Decided May 16, 1963.

*Mr. Bronis J. Klementowicz*, director of law, *Mr. Richard F. Matia*, chief police prosecutor, and *Mr. Edward V. Cain*, assistant police prosecutor, for plaintiff-appellee.
*Mr. Frank C. Lyons*, for defendant-appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment rendered in the Municipal Court of Cleveland upon a verdict returned by a jury finding the defendant-appellant guilty of a charge of reckless driving based upon an affidavit under Section 9.1304 of the Ordinances of the City of Cleveland.

Following the judgment rendered upon the verdict, the defendant-appellant filed a timely notice of appeal and sets forth specifically twelve assignments of error. All of the assignments of error have been considered by the court, and with the exception of those which we take note hereinafter, they are deemed to be lacking in merit and are overruled.

The first of those which we consider to be of merit and significance is Assignment of Error No. 7, which reads:

"The court erred in permitting the City of Cleveland-appellee to cross-examine the defendant-appellant as to prior convictions of a City Ordinance, over the objection and exceptions of defendant-appellant."

The record establishes uncontrovertibly that this was done over the objection of defendant-appellant. In the light of the decision of our Supreme Court in the case of *State* v. *Murdock,* 172 Ohio St., 221, 174 N. E. (2d), 543, this is beyond the scope to which such cross-examination is permissible and, therefore, constituted prejudicial error.

The next Assignment of Error of which we take note is Number 5. It is set forth in appellant's brief as follows:

"The Court erred in permitting the introduction of evidence offered by the City of Cleveland-appellee over the objection of defendant-appellant."

This situation is presented by the following facts. A witness by the name of Raymond Carthen was to appear and testify on behalf of the City on Monday, September 22, 1962. He did not appear, but he came on the next day and gave his testimony in favor of the City. At no time during his testimony was he interrogated as to why he did not appear on Monday. Nowhere in the record is there any evidence relating to this question. In the meantime, the City had rested its case. The defense was put on and then by way of rebuttal the City called one of its police officers as a witness who was permitted to testify, over the objections of the defendant-appellant as follows:

"Q. The question is: Why wasn't the witness here Monday, this witness that we used yesterday?

"A. The reason that this witness was not here Monday was because he was afraid to testify, and he figured something may happen to him if he did come in."

As already indicated, this evidence by a police officer was offered by way of rebuttal over the objection of the defendant. Nowhere in the record is there any question that would form a basis or require anything of this nature by way of rebuttal, or otherwise. The court permitted this testimony to be received. Defense counsel objected to all of this testimony and asked that it go out.

"The Court: I have ruled that way, so you don't have to ask. All that may go out, and the jury is instructed to disregard."

Until this statement just quoted, there is no suggestion that the court ruled it out or sustained an objection thereto.

It is our conclusion that the purpose of this testimony was designed to cause the jury to believe that the defendant in this case did something or caused a witness who appeared on behalf of the City to fear reprisals from the defendant, although there is not one word in the record to indicate anything of this nature. Why then would a court, obligated to grant to a defendant a fair and impartial trial, permit the introduction of such heresay evidence?

Does the fact that the court, though mistaken in receiving such evidence, by a perfunctory statement to the jury to disregard it, cure such error? We are of the opinion and hold that it does not and that such testimony was extremely prejudicial.

The next assignment of error of which we take cognizance is that set forth under Number 8, which reads:

"The court erred in its charge to the jury, in commenting on the evidence and giving more prominence or emphasis to particular facts, issues and theories, to which defendant-appellant noted his exception."

The court at page 146 of the record charged the jury as follows:

"Now, there is one exhibit in this case, and that is the certificate of registration which was admitted here, which indicates that Willie Bush does own an automobile, or at that

time owned, he claimed it was at that time in his yard with the motor out. The officers are not testifying whether he drove that car or a '54 or a '55 car. Their testimony is that he drove an automobile. You will decide what car he drove, or, in fact, was on the scene and was driving in a reckless manner, and eventually left the car and ran away and finally was apprehended by the police. * * *''

It is the duty of the trial court to state to the jury the issues which they are to decide and in that connection to explain alternately the claims of the respective parties. The issue herein involved is really the crux of the case. Not one word was said here as to defendant's version. But the language of the court, stressing the testimony of the police officers, assuming the existence of facts which the defendant denied, could have but one result—to influence the jury. In this respect we hold this to be error of a prejudicial nature.

Again, at page 149 of the record, the court in its charge commented on the importance of the case to the defendant as well as to the City, based upon arguments of counsel on this question. This is a proper function of the court when properly presented. But the court did not stop at that point. He continued:

''* * * but it is equally important to everybody else. And, especially in these days when we hear so much about traffic and conditions, of violating laws, surely it is important to you, to me, to the police officers and everybody else.''

It is our conclusion, and we hold, that injecting into the case on trial statements of the kind quoted was erroneous and of a prejudicial nature.

For the reasons stated, the judgment below must be reversed and the cause remanded for further proceedings according to law.

Exceptions. Order See Journal.

KOVACHY, P. J., HURD and ARTL, JJ., concur.